UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIONG-LING HE,<br><br>        Plaintiff,<br><br>    v.<br><br>TODD LYONS, et al.,<br><br>        Defendants. | Case No. 3:25-cv-10639-JSC<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

On December 12, 2025, Petitioner filed a Petition for Writ of Habeas Corpus, and an *Ex Parte* Motion for Temporary Restraining Order (TRO) against Sergio Albarran, acting field office director of the San Francisco ICE office; Todd M. Lyons, acting director of ICE; Secretary of the Department of Homeland Security Kristi Noem; Attorney General Pamela Bondi; the Department of Homeland Security (DHS); the Executive Office for Immigration Review (EIOR); Tonya Andrews, the facility administrator at the Golden State Annex Detention Facility in McFarland, California; Christopher Chestnut, the warden of the California City Correctional Facility in California City, California; Minga Wofford, the facility administrator of Mesa Verde ICE Processing Center. (Dkt. Nos. 1, 2.) Petitioner asks this Court to enjoin Defendants from re-detaining her absent prior notice and a pre-deprivation hearing. The Court GRANTS the TRO.

**BACKGROUND**

Petitioner is a thirty-three-year-old native and citizen of China who has resided in the United States for the past six years. (Dkt. No. 1 ¶ 31.) She entered the United States without inspection and was apprehended by immigration officials, detained, and referred for a credible fear interview. (*Id.* at ¶ 32.) The asylum officer found Petitioner had a reasonable possibility of past or future persecution based on her fear of returning to China on account of her Christian faith. (*Id.*

at ¶¶ 32, 33.) Petitioner appeared before an Immigration Judge and on February 4, 2020 the Immigration Judge issued a removal order which Petitioner did not appeal. (*Id*. at ¶ 34.) ICE subsequently released Petitioner on an order of supervision and Petitioner has complied with all conditions of the order including periodic check-ins. (*Id*. at ¶ 35.)

Petitioner attended her last check-in appointment with ICE on May 29, 2025. (*Id*. at ¶ 3.) On December 12, 2025, Petitioner received a text message directing her to report to ICE on December 15, 2025 at 8:00 a.m.[1] (*Id*. at ¶ 4.) Petitioner's counsel contacted ICE to inquire about its intention to re-detain Petitioner, but has not received a response. (Dkt. No. 1-1 at 20 ¶ 3.) Based on reports of individuals, like Petitioner, who are called in for ICE check-ins and detained, Petitioner is concerned if she appears on Monday she will be arrested and detained.

Petitioner thus filed this Petition and the motion for TRO on December 12, 2025. The same day, Petitioner's counsel provided notice of the Petition and the motion for a TRO, along with a copy of both to Respondents' counsel by email. (Dkt. No. 1-1 at 20 ¶ 3.) In the motion, Petitioner contends re-detaining her without a hearing violates the Due Process Clause of the Fifth Amendment, both substantively (because Respondents allegedly have no valid interest in detaining her) and procedurally (because she has a vested liberty interest in her continued release).

**LEGAL STANDARD**

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are

---

[1] The motion for temporary restraining order indicates Petitioner was ordered to appear on November 19, 2025. (Dkt. No. 2-1 at 10.) The Court assumes this was a typographical error.

satisfied." *Friends of the Wild Swan v. Weber,* 767 F.3d 936, 942 (9th Cir. 2014) (cleaned up) (emphasis in original). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

**DISCUSSION**

As a preliminary matter, the Court finds the requirements for issuing a temporary restraining order without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner's counsel has set out specific facts in a declaration showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). (Dkt. No. 1-1.) Additionally, counsel states that she attempted to contact the Civil Division Chief at the U.S. Attorney's Office for the Northern District of California on December 12, 2025 and provided a copy of Petitioner's habeas petition by email that same day. (Dkt. No. 1-1 at ¶¶ 3-5; *see also* Fed. R. Civ. P. 65(b)(1)(B).

Petitioner has demonstrated a likelihood of success on the merits of her claim that her re-detaining her without a hearing violates her procedural due process rights under the Fifth Amendment. Petitioner has a substantial interest in remaining out of custody, and the Due Process Clause entitles Petitioner to a bond hearing before an immigration judge prior to any arrest or detention. *Pinchi v. Noem*, --- F. Supp. 3d ----, No. 25-cv-05632-PCP, 2025 WL 2084921, at *2-6 (N.D. Cal. July 24, 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances); *see also Pablo Sequen v. Kaiser*, --- F. Supp. 3d ----, No. 25-cv-06487-PCP, 2025 WL 2203419, at *2 (N.D. Cal. Aug. 1, 2025) (collecting cases).

Petitioner has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty that Petitioner faces is an

3

immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)); *see also Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a hearing is "likely unconstitutional" that she has "also carried [her] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district and others have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Petitioner if it ultimately demonstrates that her detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). The government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Petitioner's] favor." *Hernandez*, 872 F.3d at 996) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

Because Petitioner satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Motion is granted as detailed below. This Order

accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*, *Alva v. Kaiser*, No. 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (granting temporary restraining order); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction); *Doe v. Becerra*, No. 25-cv-647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

Finally, the Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. "[T]here is no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Therefore, no security is needed to ensure that Respondents will be reimbursed for "costs and damages sustained by . . . hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

**I.     ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Temporary Restraining Order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker. This Order shall remain in effect until 5:00 p.m. **December 26, 2025.**

The Petition for Writ of Habeas Corpus, Motion for Temporary Restraining Order, and this Order SHALL be served on Respondents such that they receive actual notice as soon as practicable, and Petitioner shall file proof of such service by no later than **December 13, 2025.**

Respondents are **ORDERED TO SHOW CAUSE** why the petition should not be granted and/or a preliminary injunction should not issue regarding re-detention of Petitioner without notice

and a pre-deprivation hearing before a neutral decisionmaker and from removing Petitioner from the United States.

Respondents shall file a response to Petitioner's motion by no later than 12:00 noon on December 18, 2025. Any reply shall be filed by close of business on December 22, 2025. A hearing shall be heard at 8:30 a.m. by Zoom on December 26, 2025.

Given the holidays, the parties may stipulate to an extended briefing schedule provided the temporary restraining order remains until disposition of the preliminary injunction motion.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

Dated: December 12, 2025

JACQUELINE SCOTT CORLEY
United States District Judge