UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QIONG-LING HE,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 3:25-cv-10639-JSC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is originally from China, has lived in the United States for six years. For the last five of these years, she has been under an order of supervision which requires her to regularly check-in with Immigration and Customs Enforcement (ICE). She filed this habeas petition seeking to enjoin Defendants from detaining her absent prior notice and a pre-deprivation hearing. (Dkt. No. 1.[1]) For the reasons set forth below, the Court GRANTS the habeas petition.

**BACKGROUND**

Petitioner is a 33 year-old native and citizen of China who has resided in the United States since 2019. (Dkt. No. 1 ¶ 31.) She entered the United States without inspection and was apprehended by immigration officials, detained, and referred for a credible fear interview. (*Id.* at ¶ 32.) The asylum officer found Petitioner had a reasonable possibility of past or future persecution based on her fear of returning to China on account of her Christian faith. (*Id.* at ¶¶ 32, 33.) She appeared before an Immigration Judge, and on February 4, 2020, the Immigration Judge issued a

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

removal order which Petitioner did not appeal. (*Id*. at ¶ 34.) ICE subsequently released Petitioner on an order of supervision; since then, she has complied with all conditions of the order, including periodic check-ins. (*Id*. at ¶ 35.) Over the last six years, Petitioner has built a life in the United States—she is married to a United States citizen with a serious health condition who relies on her for full-time care and financial support, and she works part-time in a Chinese restaurant pursuant to an approved employment authorization. (*Id*. at ¶¶ 46, 52; Dkt. No. 19 at 9.)

On December 12, 2025, Petitioner received a text message directing her to report to ICE three days later. (Dkt. No. 4.) Petitioner's counsel contacted ICE to inquire about its intention to re-detain her at the check-in given recent reports of people across the country who ICE called in for check-ins being arrested and detained by ICE at the check-ins. (Dkt. No. 1 at ¶¶ 4-5.) Counsel did not receive a response and thus Petitioner filed the underlying habeas petition and TRO seeking to enjoin Defendants from re-detaining her absent prior notice and a pre-deprivation hearing. (Dkt. Nos. 1, 2.) The Court granted the TRO (Dkt. No. 4) and subsequently entered a preliminary injunction concluding Petitioner has "a substantial liberty interest in remaining out of custody under an order of supervision" and she had demonstrated serious legal questions regarding her claim that the Due Process Clause entitles her to a bond hearing before an immigration judge prior to any re-arrest or detention. (Dkt. No. 15 at 5-7.) Respondents were enjoined from re-detaining Petitioner unless they provided "seven (7) days' notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that her physical custody is required." (*Id*. at 8.) Petitioner's habeas petition is now fully briefed. (Dkt. Nos. 18, 19.)

## DISCUSSION

### A. Jurisdiction

As a threshold matter, Respondents insist Petitioner is not in custody for purposes of habeas jurisdiction and that she seeks speculative relief asking the Court to enjoin her future detention. Numerous courts have rejected this argument, concluding when a petitioner is under an order of supervision and thus subject to several restraints to which the general public is not, the petitioner is in custody within the meaning of 28 U.S.C. § 2241. *See, e.g.*, *Sanchez v. Santacruz*,

No. CV 26-5063 FMO (KES), 2026 WL 1915710, at *3 (C.D. Cal. June 29, 2026) (rejecting jurisdictional argument "[g]iven petitioner's Order of Supervision and the fact that she is subject to several restraints to which the general public is not, the court is persuaded that petitioner is in custody within the meaning of 28 U.S.C. § 2241"); *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *3 (C.D. Cal. Aug. 26, 2025) (concluding petitioner in custody for the purposes of federal habeas corpus jurisdiction where conditions of release "significantly confine[d] and restrain[ed] [petitioner's] freedom"); *Harrington v. Albarran*, 2026 WL 800113, *4 (N.D. Cal. 2026) (same); *Ayala v. Albarran*, 2026 WL 1179862, *3 (N.D. Cal. 2026) (rejecting respondents' jurisdiction argument in light of "their own pattern of escalating measures taken with respect to [petitioner], including their repeated refusal to provide assurances that he will not be detained").

The Court likewise rejects Respondents' argument that Plaintiff's request for relief is speculative and she must wait until her next appointment and, if she is detained, bring a habeas petition. (Dkt. No. 18 at 4-5.) The Court "has no trouble in joining other district courts in this Circuit that have rejected Respondents' nearly identical arguments—whether framed as injury-in-fact challenges for the purpose of standing or future-contingency challenges in the context of ripeness—and concluded that 'risk of detention even while the petitioner is still at liberty may provide a sufficient basis to grant emergency relief.'" *Ayala v. Albarran*, No. 26-CV-03092-BLF, 2026 WL 2411598, at *3 (N.D. Cal. Aug. 18, 2026) (quoting *Aghajanyan v. ICE*, No. 25-cv-12255-MWC-JDE, 2026 WL 453477, at *2 (C.D. Cal. Jan. 21, 2026); *accord Cortez Morales v. Albarran*, No. 25-cv-09241-HSG, 2026 WL 92061, at *4 (N.D. Cal. Jan. 13, 2026)).

### B. Procedural Due Process Claim[2]

The Court grants Petitioner's habeas petition for the reasons stated in the preliminary injunction order. *He v. Lyons*, No. 3:25-CV-10639-JSC, 2026 WL 280074, at *3-5 (N.D. Cal. Feb. 3, 2026). Respondents advance no new arguments as to the merits of Petitioner's procedural

[2] Because the Court finds in Petitioner's favor on her procedural due process claim, it is unnecessary to reach her substantive due process or APA claims. *See Llanes Tellez v. Bondi*, 826 F. Supp. 3d 1141, 1148 (N.D. Cal. 2025).

due process claim and the Court adopts the reasoning of its prior order.

First, as previously noted, Petitioner's lengthy community ties and the government's decision not to detain her at any point over the last six years while she has been released on an Order of Supervision has created a protected liberty interest in remaining out of immigration custody that can only be taken away if the government's procedure for doing so accords with due process. *He*, 2026 WL 280074 at *3 (collecting cases similarly concluding petitioners released on an order of supervision have a substantial liberty interest in remaining out of immigration custody); *see also Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (stating the decision to release is "based on an evaluation[,]" the individual "can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life," creating "at least an implicit promise" that the parole—or decision not to detain—will be revoked only if the individual fails to live up to the applicable "conditions.").

Second, "the risk of an erroneous deprivation of liberty is high where, as here, the petitioner has not received any bond or custody redetermination hearing." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (cleaned up). Civil immigration detention is supposed to be nonpunitive and permissible only to prevent flight or protect against danger to the community, *see Zadvydas*, 533 U.S. at 690, but Respondents offer no evidence Petitioner's detention would serve either purpose.

Third, Respondents' countervailing interest in detaining Petitioner without a pre-detention hearing is minimal because bond hearings are "routine and impose a minimal cost" and the government has not articulated a legitimate interest supporting arresting Petitioner without a pre-detention hearing. *He*, 2026 WL 280074 at *4; *see also Singh*, 803 F. Supp. 3d at 1048 ("In immigration court, custody hearings are routine and impose a minimal" cost); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

**CONCLUSION**

For the above reasons, the Petition is GRANTED. If the Government seeks to re-detain

United States District Court
Northern District of California

Petitioner, it must provide no fewer than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter at which Petitioner's eligibility for bond must be considered.

The Court will enter separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge